# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT BITTINGER, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-10-1745 |
| | § | |
| WELLS FARGO BANK NA, *In Its* | § | |
| *Name and as Trustee for the Certificate* | § | |
| *Holders of Soundview Home Loan Trust* | § | |
| *2007-OPTI, Asset-Backed Certificates* | § | |
| *Series 2007-OPTI, et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER GRANTING MOTIONS TO DISMISS

This case arises out of a nonjudicial foreclosure on a home. The plaintiff, Robert Bittinger, the mortgagee, sued a number of defendants for wrongful foreclosure and related claims on May 14, 2010. (Docket Entry No. 1). The defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry Nos. 9, 10). This court granted the motions to dismiss on October 8. (Docket Entry No. 14). The memorandum allowed Bittinger to replead his claims for wrongful foreclosure relating to the alleged miscalculation of the amounts he owed on the loan, his claim of fraud; and his claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.[1] Bittinger now moves for reconsideration. (Docket Entry No. 15). The defendants have responded. (Docket Entry Nos. 19–21). Based on the record; the motions and responses; and the applicable law, this court denies Bittinger's motion for reconsideration.

---

[1] In dismissing Bittinger's complaint, this court noted that Bittinger had already amended his complaint once. That was error. Bittinger had not amended his complaint. That does not affect either the original order, because the claims that were dismissed could not be maintained, as a matter of law. Nor does this affect the motion for reconsideration.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Steadfast Ins. Co. v. SMX 98, Inc.*, Civ. A. No. H-06-2736, 2009 WL 3190452 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009). Rule 59(3) applies, because this court has not entered judgment.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995).

The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Bittinger argues that his entire complaint should be reinstated. He argues that his claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, because "proper argument had been propounded in the amended complaint, and To reinstate the FDCPA as well as the following Exhibits H, G, I and J which are attached to the First Amended complaint." (Docket Entry No. 15 ¶ 3). Bittinger's conclusory argument does not entitle him to reconsideration. He fails to identify any error in this court's decision to dismiss.

Bittinger next argues that this court erred in dismissing his claim under the Truth in Lending Act, 16 U.S.C. § 1601, *et seq.*, because "he was not aware of the harm done until January of 2010," making application of the discovery rule appropriate. He cites no authority for the proposition that the discovery rule should apply. Nor does he explain why he did not advance this argument in his response to the motions to dismiss. *See Rosenzweig*, 332 F.3d at 863–64.

Bittinger's third argument addresses his contract claims. He "urges this Court to please review the Exhibit labeled 'Exhibit D and F.' Plaintiff maintains that he is a protected party as foreseen by the PSA, one of the supporting evidence been that Wells Fargo had sued him under as trustee for the trust created by the PSA. Furthermore, the Defendants are held to certain obligations under the prevailing contrracts and once these contracts are broken, it clouds the real estate title in question, hence affecting the plaintiff." (Docket Entry No. 15 ¶ 5). This court dismissed the claim in part because Bittinger failed to show that he was a third-party beneficiary of the contract. He does not point out what in Exhibits D and F makes the dismissal incorrect under the applicable law.

3

His instruction to look to the exhibits fails to explain how this court erred in dismissing the complaint or why he was unable to make a fuller argument in the first instance.

Bittinger also argues that his claim based on inaccurate application of his payments should be reinstated. This court granted leave to amend this claim; reconsideration is not warranted.

Fourth, Bittinger argues that this court should reinstate the wrongful foreclosure claims as set forth in its amended complaint. He does not explain, however, how this court erred in dismissing his complaint or explain why he should be allowed to amend.

Bittinger's motion for reconsideration is denied.

SIGNED on December 23, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge