**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT BITTINGER, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-10-1745 |
| | § | |
| WELLS FARGO BANK NA, *In Its* | § | |
| *Name and as Trustee for the Certificate* | § | |
| *Holders of Soundview Home Loan Trust* | § | |
| *2007-OPTI, Asset-Backed Certificates* | § | |
| *Series 2007-OPTI, et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

## I.      Background

This case arises out of a nonjudicial foreclosure on a home.  Robert Bittinger, the mortgagee,

sued the trustee, Wells Fargo; the servicer, American Home Mortgage Servicing, Inc. ("AHMSI");

the loan originator, Option One Home Mortgage Corp.[1]; and the law firm involved in the

foreclosure, Mackie Wold & Zientz.  The original complaint alleged wrongful foreclosure, breach

of contract, breach of fiduciary duty, and violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*  (Docket Entry No. 1).  This court

dismissed Bittinger's original complaint, granting leave to amend the wrongful foreclosure claim

to "clarify the allegations as to whether and how inaccurate calculations of the amounts owing and

of the default made the foreclosure wrongful," the RESPA claim that AHMSI did not respond to

---

[1]  Option One is now known as Sand Canyon Corp.  This Memorandum and Order refers to the company as Option
One.

Bittinger's "qualified written request," and the fraud claim.  Bittinger's claims were otherwise

dismissed with prejudice.  (Docket Entry No. 14).  This court subsequently denied Bittinger's

motion for reconsideration.  (Docket Entry No. 22).

Bittinger amended his complaint.  (Docket Entry No. 26).  Option One, Wells Fargo, and

AHMSI have moved to dismiss the amended complaint or alternatively for a more definite

statement.  (Docket Entry Nos. 28, 29).  They argue that the complaint reasserts claims that this

court did not grant leave to replead and that the amended allegations are insufficient for other claims.

Bittinger responded, (Docket Entry No. 31), AHMSI and Wells Fargo replied, (Docket Entry No.

33), and Bittinger filed a surreply, (Docket Entry No. 34).

At the Rule 16 conference, the parties argued the motion to dismiss.  Bittinger argued for the

first time that his claim focused on alleged violations of a mortgage modification.  This court

ordered the parties to exchange information about the modification and to file supplemental

materials.  (Docket Entry No. 38).  Bittinger filed a supplement, arguing that "AHMSI nullified and

or breached its own Loan Modification Contract" with him and that AHMSI could not modify his

original note with Option One.  (Docket Entry No. 39).  Bittinger's supplemental filing is a motion

for leave to amend to assert an additional claim.  Wells Fargo, AHMSI, and Option One filed

supplements in response.  (Docket Entry Nos. 40, 41).  Bittinger filed a surreply.  (Docket Entry No.

42).

Based on the record; the motions, responses, replies, and surreplies; and the relevant law, this

court grants Option One's motion to dismiss and grants in part and denies in part AHMSI and Wells

Fargo's motion to dismiss.  The only allegation that survives is the wrongful foreclosure claim based

on the alleged failure to provide notice and the allegedly incorrectly calculated payments.  A hearing

is set for **August 26, at 8:30 a.m.**, in Courtroom 11-B, to address this dispute and to set a schedule

to resolve the issues that remain in this case.

The reasons for these rulings are explained below.

## II.      The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be

granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007),

the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which

requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.

R. CIV. P. 8(a)(2).  *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*,

355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  *See Twombly*, 550 U.S. at 562–63.  To withstand a Rule 12(b)(6)

motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368,

372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  In *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct.

1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*.  The

Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  With respect to the

"plausibility" standard described in *Twombly*, *Iqbal* explained that "[a] claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The

*Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  The Court concluded that "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

Under the pleading principles described in *Twombly* and *Iqbal*, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do' . . . ." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545); *see also Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "'Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.'" *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (unpublished) (per curiam) (quoting *Twombly*, 550 U.S. at 556 n.3).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555); *see also In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th

Cir. 2008) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 129 S. Ct. 1669 (2009).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

Some of Bittinger's allegations were not previously raised and are beyond the scope of this court's grant of leave to amend.  These allegations are analyzed under Rule 15.  The function of

Rule 15(a) "is to enable a party to assert matters that were overlooked or were unknown at the time

he interposed the original complaint or answer." WRIGHT, MILLER & KANE § 1473.  Rule 15

provides that a "court should freely give leave when justice so requires," but approval is not

automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  The

decision to grant or deny leave to amend is within the sound discretion of the trial court and "denial

of leave to amend may be required when allowing an amendment would cause undue prejudice to

the opposing party." *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix*, 79

F.3d 480, 484 (5th Cir. 1996).  Courts consider the following five factors in deciding whether to

grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive; (3) repeated

failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and

(5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).  To determine "futility," the Fifth

Circuit applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling

v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Gen. Elec. Cap. Corp. v. Lease

Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *see also Glassman v. Computervision Corp.*,

90 F.3d 617, 623 (1st Cir. 1996); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

The issues are whether Bittinger's proposed added and amended allegations are futile or a

repeated unsuccessful effort to cure pleading deficiencies.

## III.   The Wrongful Foreclosure Claim

Bittinger's original complaint claimed that the defendants were liable for wrongful

foreclosure based on miscalculations of the amounts due and because the assignment of the note was

not recorded.  This court dismissed the claim, allowing amendment.

Under Texas common law, a debtor may recover for wrongful foreclosure when the party

has suffered a loss or injury due to inconsistencies or irregularities in the foreclosure process.  *See*

*Wieler v. United Sav. Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994), *writ denied*

*per curiam*, 907 S.W.2d 454 (Tex. 1995); *see also Cuauhtli v. Chase Home Finance LLC*, No.

406–CV–472–A, 2007 WL 548759, at *4 (N.D. Tex. Feb. 22, 2007).   A debtor may recover

damages on such a theory only if the lender (1) fails to comply with statutory or contractual terms,

or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness

of the foreclosure proceedings.   *Houston Omni USA Co. v. Southtrust Bank Corp.*, No.

01–07–00433–CV, 2009 WL 1161860, at *6 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *First*

*State Bank v. Keilman*, 851 S.W.2d 914, 921–22 (Tex. App.—Austin 1993, no writ).  Section 51.002

of the Texas Property Code governs a foreclosure sale of real property pursuant to a deed of trust

and provides specific requirements as to the time and place a foreclosure sale must be held, as well

as to the notices that must be given before the sale.  *See, e.g.*, TEX. PROP.CODE § 51.002(b) (notice

of sale); *id.*, § 51.002(e).   Texas law allows a mortgage note to be enforced by a holder in due

course.  TEX. BUS. & COM. CODE § 3.301; *JWD, Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329–30 (Tex.

App.—1991, no writ).  When a note is endorsed in blank, whoever holds the note is its owner.  TEX.

BUS. & COM. CODE §§ 3.205(b), 3.301.

In the amended complaint, Bittinger alleges that "AHMSI and/or Wells Fargo did not have

Standing to foreclose, and was not the legal Note Holder, or lender at the time of foreclosure"

because "AHMSI did not have the original note that pertained to Plaintiff's mortgage, and there was

nothing in the chain of title that showed AHMSI or Wells Fargo had the right to enforce the note or

Security instrument (Deed of Trust) against the Plaintiff."  (Docket Entry No. 26, ¶ 19).  Bittinger

also alleges that AHMSI failed to provide the notice required by section 51.002 of the Texas

Property Code. (*Id.*, ¶ 35). This court has already dismissed, with prejudice, Bittinger's claim that

the foreclosure was wrongful because the transfer of the note was not recorded. (Docket Entry No.

14 at 6–7). This court did not previously address the allegation that AHMSI did not hold the note

at the time of the nonjudicial foreclosure. This allegation is precluded by the copy of the note the

AHMSI produced to Bittinger and that he attached to his amended complaint as Exhibit E.   The

holder of a note endorsed in blank is its owner.   TEX. BUS. & COM. CODE §§ 3.205(b), 3.301.

Bittinger's allegation that the foreclosure was wrongful because AHMSI did not own the note is

dismissed, with prejudice, for failure to state a claim on which relief can be granted.

Bittinger also alleges that "AHMSI and Wells Fargo foreclosed without the Notice of Default

and Notice of Sale in accordance with state law." (*See* Docket Entry No. 26, ¶ 35).  AHMSI

contends that this claim fails based on the affidavit of Brando Wolf, attached as Exhibit B to the

amended complaint. The affidavit states that "all notices required pursuant to the terms of the Deed

of Trust and Texas Property Code Section 51.002(b) and (d) were provided." Service of the notice

required under section 51.002 by "certified mail is complete when the notice is deposited in the

United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."

TEX. PROP. CODE § 51.002(e); *Sauceda v. GMAC Morg. Corp.*, 268 S.W.3d 135, 140 (Tex.

App.—Corpus Christi 2008, no pet.); *Adebo v. Litton Loan Servicing, L.P.*, No. 01–07–708–CV,

2008 WL 2209703, at *4 (Tex.App.—Houston [1st Dist.] May 29, 2008, no pet.).  "The affidavit

of a person knowledgeable of the facts to the effect that service was completed is prima facie

evidence of service." TEX. PROP. CODE § 51.002(e).  AHMSI and Wells Fargo argue that "Bittinger

cannot overcome the prima facie evidence by merely stating that the affidavit is false."   The

presumption, however, is rebuttable.  *See Sauceda*, 268 S.W.3d at 139–40 (finding a fact issue

sufficient to preclude summary judgment when the homeowner claimed that he never received the

required notice).  Bittinger need not produce evidence to support his claim at this stage.

As noted, this court granted leave to amend the wrongful foreclosure claim based on

allegations that Bittinger had not defaulted and that AHMSI incorrectly calculated his payments.

Bittinger alleges that AHMSI "routinely charged late fees when in fact the loan payments were not

late," "failed to apply third party payments to Plaintiff's account," and "placed or forced insurance

on the Plaintiff when he already had insurance and provided proof of said insurance on the

Defendants." (Docket Entry No. 26, ¶¶ 37–39).  AHMSI faults the allegations for being conclusory.

But the allegations identify specific ways in which AHMSI allegedly incorrectly calculated the

payments and are sufficient to put AHMSI on notice of the substance of Bittinger's claim.  The

motion to dismiss is denied as to the wrongful foreclosure claim.

## IV.    RESPA

Section 2605 of RESPA requires a loan servicer to provide a written response to a borrower's

qualified written request. 12 U.S.C. § 2605(e).  Bittinger alleges that the defendants failed to respond

to his qualified written request.  This section of RESPA is intended to provide borrowers with

greater access to account information.  *See id.* § 2601(a).  The request must be: (1) a written

correspondence, other than notice on a payment coupon or other payment medium supplied by the

servicer; (2) that includes, or otherwise enables the servicer to identify, the name and account of the

borrower; and (3) that includes a statement of the reasons for the borrower's belief, to the extent

applicable, that the account is in error or provides sufficient detail to the servicer regarding other

information sought by the borrower.  *Id.* § 2605(e)(1)(B).  The qualified written request must be

related to the servicing of the loan.  *See id.* § 2605(e)(1)(A).  "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest . . . ."  *Id.* § 2605(i)(3).  Finally, a plaintiff must allege actual damages resulting from a violation of section 2605.  *Id.* § 2605(f)(1)(A) ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: in the case of any action by an individual, an amount equal to the sum of . . . any actual damages to the borrower as a result of the failure.");  *Collier v. Wells Fargo Home Mortg*., No. 7:04-CV-086-K, 2006 WL 1464170, at *3 (N.D. Tex. May 26, 2006);  *Hepler v. Washington Mut. Bank*, *F.A.*, No. CV 07-4804 CAS (Ex.), 2009 WL 1045470, at *4–5 (C.D. Cal. Apr. 17, 2009).

As in his first complaint, Bittinger has failed to allege damages resulting from the failure to respond to his QWR.  The RESPA claim is dismissed, with prejudice, for failure to state a claim after repeated attempts to do so.

## V.     The Fraud Claim

This court granted Bittinger leave to amend his fraud claim.  The elements of a fraud claim under Texas law are: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  A fraud claim is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires the plaintiff to plead his claim with particularity.  *Tuchman v. DSC Commc'n Corp*., 14 F.3d 1061, 1068 (5th Cir. 1994).  "[A]rticulating

the elements of fraud with particularity requires a plaintiff to specify the statements contended to

be fraudulent, identify the speaker, state when and where the statements were made, and explain

why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir.

1997) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *see also Askanase*

*v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993) ("The allegations should allege the nature of the

fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it

occurred, and the participants.").

Bittinger's amended fraud claim fails to meet this standard.  The only specific

misrepresentation alleged in the complaint is the failure to disclose that the Note might be

transferred.  The loan documents, attached as Exhibit E to Bittinger's amended complaint, stated that

Bittinger affirmed his understanding that "the Lender may transfer this Note."

Bittinger alleges that "Defendants had actual knowledge that the Plaintiff's accounts were

not accurate but that Plaintiff would make further payments based on his reliance on the Defendants'

false and inaccurate accounting." (Docket Entry No. 26, ¶ 44.1).  Despite an opportunity to replead

to meet this deficiency, the pleading is still insufficient.  The claim is now dismissed with prejudice

and without leave to amend.

## VI.     The Proposed New Breach of the Mortgage Modification Claim

At the Rule 16 conference on April 29, 2011, Bittinger argued for the first time that  there

was a miscalculation of the amounts due under the mortgage because AHMSI and Wells Fargo had

failed to take into account a mortgage modification agreement.  This court ordered Bittinger to

produce the modification agreement he was relying on no later than May 13, 2011, and ordered the

parties to file supplemental briefing.

In his supplemental filing, Bittinger argues that "AHMSI nullified and or breached its own Loan Modification Contract by accepting Bittinger's signed copy and payments 18 days after AHMSI's imposed deadline," (Docket Entry No. 39, ¶ 12), and "by misapplying payments, not applying payments, adding late fees, forced placed insurance, when in fact he already had insurance, and other fees to Bittinger's account," (*Id*., ¶ 14). Bittinger denies that AHMSI had the authority to modify his original note with Option One. In his supplemental filing, Bittinger also reargues several claims that he had raised in his original complaint and amended complaint, claims that this court previously dismissed.

Bittinger's proposed amended mortgage modification claim fails, as a matter of law. Option One transferred the servicing of Bittinger's mortgage loan to AHMSI. Bittinger was informed of this change via letter. (Docket Entry No. 41, Ex. A). As the new holder of the note, AHMSI had the authority to enter into a loan modification agreement with Bittinger. The loan modification agreement specifically states that "this agreement shall be void and not take effect unless the mod[ification] start payments in the form of a cashier's check or certified funds, and this agreement, are received on or before November 14, 2008." (Docket Entry No. 40, Ex. A, at 1).[2] This language appears to create a duty for Bittinger to make a payment to AHMSI but does not appear to create a duty for AHMSI to accept only on-time payments from Bittinger and reject any late payment. Bittinger has alleged no basis to conclude that AHMSI had such a contractual duty. The loan modification was not nullified or breached because AHMSI accepted late payments from Bittinger. Bittinger does not appear to argue, and could not successfully assert, that by accepting late

---

[2]   Bittinger cites Exhibit A of his reply, Docket Entry No. 39, for this contract language. Bittinger appears to have attached an incorrect version of the loan modification agreement. The contract language that Bittinger cites appears in Docket Entry No. 40, Exhibit A, at 1.

payments, AHMSI waived its right to foreclose.  *See JM Walker LLC v. Acadia Ins. Co.*, 356 F.

App'x 744, 748 (5th Cir. 2009) (per curiam) (summary calendar) (unpublished) ("Waiver is the

intentional relinquishment of a known right."); *In re Universal Underwriters of Texas Ins. Co.*,—

S.W.3d —, 2011 WL 1713278 (Tex. May 6, 2011) (noting that waiver requires the intentional

relinquishment of a known right or the intentional conduct inconsistent with claiming that right).

The amended mortgage modification claim is now dismissed with prejudice and without leave to

amend because Bittinger has had multiple opportunities to plead his theory and his efforts have been

futile.

**VII.    Discovery**

In his supplemental filing and surreply, Bittinger alleges that the defendants have not

produced  the complete mortgage file, as ordered.  A hearing is set for **August 26, at 8:30 a.m.**, in

Courtroom 11-B, to address this dispute and to set a schedule to resolve the issue that remains in this

case.

**VIII.   Conclusion**

Option One's motion to dismiss is granted.  AHMSI and Wells Fargo's motion to dismiss

is granted in part and denied in part.  The only allegation that survives is the wrongful foreclosure

claim based on the alleged failure to provide notice and the allegedly incorrectly calculated

payments.  A hearing is set for **August 26, at 8:30 a.m.**, in Courtroom 11-B, to address this dispute

and to set a schedule to resolve the issues that remain in this case.

SIGNED on August 15, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

14